UNITED STATES OF AMERICA,

                    Plaintiff,            Case No.    _____

                    v.

KOEHLER DAIRY FARM, LLC              **COMPLAINT**
811 South Irish Road, Apartment 4
Chilton, WI 53014-9331

JOSEPH T. KOEHLER
811 South Irish Road, Apartment 4
Chilton, WI 53014-9331

MICHELLE M. KOEHLER
811 South Irish Road, Apartment 4
Chilton, WI 53014-9331

U.S. BANK TRUST NATIONAL ASSOCIATION
60 Livingston Avenue
EP-MN-WS3D
St. Paul, MN 55017

JUNG SEED GENETICS
c/o David Wild, Registered Agent
335 South High Street
Randolph, WI 53957

NUTRITION SERVICE COMPANY, INC
c/o Robert Block, Registered Agent
W249 Deer Drive
Pulaski, WI 54162

PACKERLAND WHEY PRODUCTS, INC.
c/o Glenda Dahl, Registered Agent
407 4th Street
Luxemburg, WI 54217

JOSEPH SCHUH
112 2nd Avenue
Saint Nazianz, WI 54232

1

FOXLAND HARVESTORE, INC.
c/o Joseph Gries
2500 Tower Drive
Kaukauna, WI 54130

JACK KALTENBERG
P.O. Box 777
Sun Prairie, WI 53590

UNITED COOPERATIVE
N7160 Raceway Road
Beaver Dam, WI 53916

DIDION ETHANOL, LLC
c/o John Didion, Registered Agent
520 Hartwig BLVD
Johnson Creek, WI 53038-9314

Defendants.

Comes now plaintiff, United States of America, acting through the Farm Service Agency, United States Department of Agriculture, by Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Carter B. Stewart, Assistant United States Attorney, and for its cause of action alleges that:

1.      This is a civil action brought by the United States of America under the provisions of 28 U.S.C. § 1345 to foreclose upon real estate held by Defendants Koehler Dairy Farm, LLC and Joseph and Michelle Koehler (the Koehler's).

2.      Defendants Koehler Dairy Farm, LLC, Joseph T. Koehler and Michelle M. Koehler have executed a promissory note, secured by a mortgage upon real estate within the jurisdiction of this court.

3.      Defendants Koehler Dairy Farm, LLC, Joseph T. Koehler and Michelle M. Koehler executed and delivered to plaintiff, acting through the Farm Service Agency, United States Department of Agriculture, the following promissory note:

2

| **DATE** | **AMOUNT** | **EXHIBIT (hereto annexed)** |
|----------|-----------|------------------------------|
| May 12, 2010 | $48,330 | A |

4.      To secure said note, defendants Joseph T. Koehler and Michelle M. Koehler executed and delivered to plaintiff the following duly recorded mortgage upon certain real estate within the jurisdiction of this Court:

| **DATE** | **EXHIBIT (hereto annexed)** |
|----------|------------------------------|
| May 12, 2010 | B |

5.      Said Defendants have failed to make the required payments towards the above debts and, therefore, have defaulted under the terms of the applicable loan instruments.

6.      Said defendants being in default, plaintiff served upon them a Notice of Acceleration of Indebtedness and Demand for Payment, a copy of which is hereto annexed as Exhibit C.

7.      Said defendants owe plaintiff under the provisions of the note and mortgage a balance of $35,294.99 as of December 13, 2019.  A Statement of Account is attached hereto as Exhibit D.

8.      Community Bank & Trust purports to have a prior interest in the real property by virtue of a mortgage recorded on June 25, 2004, as document number 379414, in the original amount of $70,000.00.  Said mortgage was assigned to U.S. Bank Trust National Association as Trustee of the Bungalow Series III Trust by an instrument recorded on June 28, 2019 as Document No. 539827.

9.      The other defendants purport to have interest in the mortgaged premises but any such interests are junior and subordinate to the interest of the plaintiff.

3

WHEREFORE, plaintiff prays that an accounting be taken under the direction of this Court of what is due for principal and interest on the note and mortgage, and that a decree be entered as follows:

(a) That defendants Koehler Dairy Farm, LLC, Joseph T. Koehler and Michelle M. Koehler pay to plaintiff the principal of $32,243.97 and interest of $3,051.02, together with interest from December 14, 2019 at the rate of $3.3127 per day computed as provided in the note and mortgage up to the date on which the decree is entered, plus interest thereafter according to law, costs, disbursements, and expenses;

(b) Or in default of such payment, that all legal right, title, and interest that said defendants have in the property described in said mortgage be sold at public sale in accordance with 28 U.S.C. §§ 2001-2003, inclusive, and that the amounts due to plaintiff be paid out of the proceeds of the sale pursuant to the lien priority of each mortgage;

(c) That the defendants and all persons claiming or who may claim by, from, or under them be absolutely barred and foreclosed from all rights and equity of redemption in the property;

(d) That if the proceeds of the sale exceed the sum of money to be paid to plaintiff, any such excess be deposited with the Clerk of this Court subject to further orders of the Court; and

(e) For such other and further relief as is just.

Dated at Milwaukee, Wisconsin this 3rd day of March, 2020

MATTHEW D. KRUEGER
United States Attorney

By: *s/Carter B. Stewart*

Carter B. Stewart
Assistant United States Attorney
State Bar No. 1117542
Office of the United States Attorney
Federal Building, Room 530
517 E. Wisconsin Ave.
Milwaukee, WI 53202
Telephone: (414) 297-1700
Fax: 414-297-4394
Carter.stewart@usdoj.gov

4

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

| FSA-2026 | U.S. DEPARTMENT OF AGRICULTURE | Position 2 |
|---|---|---|
| (04-08-10) | Farm Service Agency | |

## PROMISSORY NOTE

| 1. Name Koehler Dairy Farm, LLC | 2. State WISCONSIN | 3. County CALUMET |
|---|---|---|
| 4. Case Number 58-008-391947775 | 5. Fund Code 43 | 6. Loan Number 13 | 7. Date MAY 12, 2010 |

| 8. TYPE OF ASSISTANCE EM - Act Loss-Operating Purposes | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☒ Initial loan ☐ Conservation easement ☐ Deferred payments
☐ Consolidation ☐ Rescheduling ☐ Debt write down
☐ Subsequent loan ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* MANITOWOC, WI or at such other place as the Government may later designate in writing, the principal sum of *(b)* FORTY EIGHT THOUSAND THREE HUNDRED THIRTY AND NO/100---------- dollars *(c)* ($ 48,330.00 , plus interest on the unpaid principal balance at the **RATE** of *(d)* THREE AND THREE QUARTERS percent *(e)* 3.750 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* 11 installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 1,160.00 | 01/01/2011 | $ 6,000.00 | 01/01/2012 |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |

and *(d)* $ 6,000.00 thereafter on the *(e)* FIRST OF JANUARY of each *(f)* YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* TEN (10) years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial _____ Date 5-12-10
5-12-10

**Exhibit A**

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _J. K._ Date _5-12-10_

_MWK_

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


KOEHLER DAIRY FARM, LLC


_____
Joseph T. Koehler, Member on behalf of
Koehler Dairy Farm, LLC and as Individual
Acknowledging Personal Liability

5-12-10
_____
DATE


_____
Michelle M. Koehler, as Individual
Acknowledging Personal Liability

5-12-10
_____
DATE


N3485 Church Road
Chilton, WI  53014-8331


NOTE: The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

This form is available electronically.

**FSA-2501**
(07-25-12)

Form Approved - OMB No. 0560-0233

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

RECEIVED
JUN -- 2013
MANITOWOC COUNTY FSA OFFICE

## ADDENDUM TO THE PROMISSORY NOTE OR ASSUMPTION AGREEMENT FOR THE DISASTER SET-ASIDE PROGRAM

| 1. Name | 2. Full Case Number *(ST/CO/9 digits)* |
|---|---|
| Koehler Dairy Farms LLC | 58 - 008 - 0 391947775 |

3. Promissory Note or Assumption Agreement:

| A. Fund Code | B. Loan Number | C. Date | D. Amount |
|---|---|---|---|
| 43 | 13 | 05-12-2010 | $ 48,330.00 |

4. This addendum amends the above-described promissory note or assumption agreement to set forth the terms and conditions for set-aside of the installment described below:

A. Disaster Designation Number: S3444

B. Date of Installment being Set-aside: 01-01-2014

C. Amount of Installment Set-aside: $ 6000.00

Any principal amount set-aside will continue to accrue interest at the same rate being charged the non-set-aside portion of the note.

This addendum does not change any of the terms or conditions of the promissory note or assumption agreement.

The undersigned borrower and any cosigners hereby agree to pay the installment being set-aside, plus any accrued interest on the principal amount set-aside, on or before the final due date of the loan, as set forth on the note or assumption agreement being amended.

If the promissory note or assumption agreement is later restructured through primary loan servicing, the addendum will automatically be considered cancelled and the amount set-aside will be included in the total debt restructured.

| 5A. Borrower Name | 5B. Signature | 5C. Date |
|---|---|---|
| Joseph T Koehler | | 5-28-13 |
| 6A. Borrower Name | 6B. Signature | 6C. Date |
| Michelle M Koehler | Michelle M Koehler | 5-28-13 |
| 7A. Borrower Name | 7B. Signature | 7C. Date |
| | | |
| 8A. Borrower Name | 8B. Signature | 8C. Date |
| | | |

NOTE: *The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a - as amended). The authority for requesting the information identified on this form is 7 CFR Part 761 and the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program. The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower and USDA/FSA-16, Graduation File. Providing the requested information is voluntary. However, failure to furnish the requested information will result in a determination of ineligibility to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0233. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions. The provisions of appropriate criminal and civil fraud, privacy, and other statutes may be applicable to the information provided. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

CA 16088                                    Document #: 452831



## MORTGAGE FOR WISCONSIN

<table>
<tr><td>Document Number</td><td>Document Title</td></tr>
</table>

Name & Return Address:                    Form Approved - OMB No. 0560-0237
Farm Service Agency          Freidrich's Abstract          3-FLP, WI Par. 303A
4319 Expo Drive                    + Title
P.O. Box 1840
Manitowoc, WI 54221-1840          Chilton, WI 53014

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service
Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or
other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The
information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service the loan,
and conduct statistical analyses. Supplied information maybe furnished to other Department of Agriculture agencies, the
Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the
Department of Housing and Urban Development, the Department of Labor, the United States Postal Service or other
Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties
under the Freedom of Information Act, to financial consultants, advisors, lending institutions, packagers, agents, and private
or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under
contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for
commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the
information requested is voluntary. However, failure to disclose certain items of information requested, including Social
Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its
rejection.

According to the Paperwork Reduction Act of 1995, an agency may not conductor sponsor, and a person is not required to
respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for
this information collection is 0560-0237. The time required to complete this information collection is estimated to average
30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and
maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED
FORM TO YOUR COUNTY FSA OFFICE.

Register of Deeds
Calumet County, WI

Received for Record
Date: 5/13/10   8:47
Shirley Gregory

**Recording Area**

Parcel Identification Number (PIN):
211-0154-020020A-000-0-181913-00-
4400

THIS MORTGAGE ("instrument") is made May 12, 2010. The mortgagor is Joseph T. and Michelle M. Koehler ("Borrower")
whose mailing address is N3485 Church Road, Chilton, WI 53014-8331. This instrument is given to the United States of America,
acting through the Farm Service Agency, United States Department of Agriculture ("Government") located at 4319 Expo Drive, P.O.
Box 1840, Manitowoc, WI 54221-1840.

This instrument secures the following promissory notes, assumption agreements and/or shared appreciation agreements (collectively
called "Note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and
authorize acceleration of the entire debt upon any default:

<table>
<tr><td>Date of Instrument</td><td>Principal Amount</td><td>Annual Rate Interest</td></tr>
<tr><td>05/12/2010</td><td>48,330.00</td><td>3.7500%</td></tr>
</table>

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be
increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all proceeds for the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2)
recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all

*This Instrument Was Drafted By The United States Department Of Agriculture, Farm Service Agency*

Initial(s) J.K.   Date 5-12-10
         MK        5-12-10

FSA 2029 WI (05-01-08) Page 1 of 6

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status,
parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all
programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (Voice and
TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD).
USDA is an equal opportunity provider and employer.

**Exhibit B**

Mortgage for Wisconsin (Continued)

advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the Note, and any other loan agreements.

In consideration of any loan made by the Government under the consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the Note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County of Calumet:

John Rupp's Addn. Lot 3 EX N2' Blk 2 Lot 2 EX S2' Blk 2      See full legal on page 6

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to "**the property.**"

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1.  **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2.  **Fees.** Borrower shall pay to the Government such fees and other changes that may now or later be required by Government regulations.

3.  **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4.  **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5.  **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to

FSA 2029 WI (05-01-08) Page 2 of 6

sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance**. Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. §4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7. **Advances by Government**. The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8. **Protection of lien**. Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the Note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

9. **Authorized pnrposes**. Borrower shall use the loan evidenced by the Note solely for purposes authorized by the Government.

10. **Repair and operation of property**. Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance**. Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property**. Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection**. At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances**. Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to he appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

Initial(s) _J.K._ Date _5-12-10_

15. **Adjustment; release; waiver; forbearance**. In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation**. If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture**. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement**. Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization**. Default under this instrument shall constitute default under any other security instrument held by the Government and executed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands**. Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination**. If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices**. Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability**. This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants**. The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several.

Case 1:20-cv-00348-WCG   Filed 03/03/20   Page 4 of 6   Document 1-2

Mortgage for Wisconsin (Continued)

Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25.     **No merger**. If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26.     **Time is of the essence**. Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27.     **Default; death; incompetence; bankruptcy**. Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28.     **State law**. Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29.     **Assignment of leases and rents**. Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30.     **Application of foreclosure proceeds**. The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, and (e) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

Joseph T. Koehler

5-12-10 /Date

Michelle M. Koehler

5-12-10 /Date

Initial(s) J.K.     Date 5-12-10
                              MM      5-12-10

FSA 2029 WI (05-01-08) Page 5 of 6

Mortgage for Wisconsin (Continued)

STATE OF WISCONSIN

}

COUNTY OF CALUMET

On this 12[h] day of May, 2010, before me, the undersigned, personally appeared Joseph T. Koehler and Michelle M. Koehler to be known to me to be same whose name is subscribed to the foregoing instrument, and acknowledged that he signed and delivered the instrument as his free and voluntary act, for the uses and purposes set forth.

My commission expires:

*Amanda Kleiber*

*Amanda Kleiber*

07-01-2012

Notray Public

Full Legal Description:

Lot two (2) of block number two      (2) of John Rupp's Addition to the City of Chilton, according to the recorded plat thereof except the south two (2) feet thereof of Lot Number Two (2) of Block Number Two (2) of John Rupp's addition.

and

Commencing at a set stone in the center line of Chestnut Street where the west line of Elm Street (now S. State Street) crosses the same in the third ward if Chilton City, and running thence north  161 feet along the west line of said Elm Street (now S. State Street) to the point of beginning, running thence west 100 feet, thence north 122 feet, thence east 100 feet to the west line of Elm Street (now S. State Street) thence south 122 feet to the point of beginning, being all of Lot 3 and the south 58 feet of Lot 4 in John Rupp's Addition to the City of Chilton, Calumet County, Wisconsin, in Block 2 thereof.
Less and excepting therefrom the north sixty (60) feet.
Tax Key No. 211-0154-020020A-000-0-181913-00-4400 (loc. ID 17659)

Initial(s) J-K    Date 5-12-10

FSA 2029 WI (05-01-08) Page 6 of 6



Certified Mail Return Receipt Requested & Regular

## NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARM SERVICE AGENCY AND DEMAND FOR PAYMENT OF THAT DEBT

Koehler Dairy Farm LLC          October 30, 2019
N3485 Church RD
Chilton, WI 53014-9331

Joseph T. Koehler
Michelle M. Koehler
N3485 Church RD
Chilton, WI 53014-9331

Dear Mr. Sirs:

PLEASE NOTE that the entire indebtedness due on the promissory notes and/or assumption agreements which evidence the loans received by you from the United States of America, acting through the Farm Service Agency, United States Department of Agriculture is now declared immediately due and payable. They are described as follows:

| Debt Instrument | Date of Instrument | Original Amount |
|---|---|---|
| Promissory Note | June 11, 2007 | $200,000 |
| Promissory Note | October 30, 2008 | $107,000 |
| Promissory Note | October 30, 2008 | $300,000 |
| Promissory Note | May 12, 2010 | $48,330 |

The promissory notes or assumption agreements are secured by real estate mortgages, deeds of trust, security agreement, and financing statements, etc., described and perfected as follows:

| Security Instrument | Date | Recording Office | Recording Information |
|---|---|---|---|
| Mortgage | May 12, 2010 | Calumet County | 452831 |

This acceleration of your indebtedness is made in accordance with the authority granted in the above-described instruments. **The reasons for the acceleration of your indebtedness includes your monetary default.**

USDA is an equal opportunity employer, provider and lender.

Exhibit C

The indebtedness due is $507,757.19 unpaid principal, and $90,723.19 interest, as of today, plus additional interest accruing at the rate of $64.044 per day thereafter, plus any advances made by the United States for the protection of its security and interest accruing on any such advances and any shared appreciation.

Unless full payment of your indebtedness is received made by one of the methods described below within 30 days from the date of this letter, the United States will foreclose the above described security instruments and pursue any other available remedies.

If your account is referred to the Department of Justice for foreclosure and/or other collection activity after foreclosure, such as a deficiency judgment or enforcing a judgment lien, attorney's fees may be added to your debt as well as a Department of Justice fee of 3 percent.

Full payment may be made in any of the following ways:

A) CASH

Payment should be made by cashier's check, certified check, or postal money order payable to the Farm Service Agency and delivered to FSA at the above listed address.

If you submit to the UNITED STATES any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the Farm Service Agency and yourself, that payment WILL NOT CANCEL the effect of this notice. If such insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the UNITED STATES may have for breach of any promissory note or covenant in the security instruments will result and the Farm Service Agency may proceed as though no such payment had been made.

B) TRANSFER AND ASSUMPTION

You may transfer the collateral for your loans to someone who is willing and able to assume the debt. Contact FSA immediately if you are interested in this.

C) SALE

You may sell the collateral for your loans for its market value and send the proceeds to FSA or to other creditors with liens prior to FSA's lien. Contact FSA immediately if you are interested in this.

If you fail to comply with the requirements outlined in this notice within the next 30 days, the United States plans to proceed with foreclosure/liquidation.

YOU DO NOT HAVE ANY RIGHT TO APPEAL THIS DECISION TO ACCELERATE YOUR FSA DEBTS.

**UNITED STATES OF AMERICA**

BY: _____

Tyler Radke
District Director
Farm Service Agency
United States Department of Agriculture

TR:dl

cc:     Farm Loan Chief, FSA/STO
        Farm Loan Specialist, FSA/Manitowoc County USDA Service Center
        Farm Loan Manager, FSA/Manitowoc County USDA Service Center

Notice to Customers Presenting Checks

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. For inquiries, please contact your local office.

Privacy Act – A Privacy Act Statement required by 5.U.S.C. § 552a(e)(3) stating our authority for soliciting and collecting the information from your check, and explaining the purposes and routine uses which will be made of your check information, is available from our internet site at (http://www.fms.treas.gov/otcnet/index.html ), or call toll free at (1-866-945-7920) to obtain a copy by mail. Furnishing the check information is voluntary, but a decision not to do so may require you to make payment by some other method..

# USPS Tracking®

FAQs

## Track Another Package  ✚

**Tracking Number:** 9407116901118090818631

Remove

Your item was delivered at 10:25 am on November 15, 2019 in CHILTON, WI 53014.

## Delivered

November 15, 2019 at 10:25 am
Delivered
CHILTON, WI 53014

**Get Updates**

Feedback

---

**Text & Email Updates**

---

**Tracking History**

---

**Product Information**

---

## See Less

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=3&text28777=&tLab...   12/13/2019

# USPS Tracking®

## Track Another Package  ✚

**Tracking Number:** 9407116901118090818617

Your item was delivered at 10:25 am on November 15, 2019 in CHILTON, WI 53014.

## Delivered

November 15, 2019 at 10:25 am
Delivered
CHILTON, WI 53014

**Get Updates**

Feedback

---

**Text & Email Updates**

---

**Tracking History**

---

**Product Information**

---

## See Less

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

**FSA-2561**
(11-04-08)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 2

## STATEMENT OF ACCOUNT

Check here ☑ if FSA-2561A (Continuation) is attached.

| 1. Full Case Number | 2. To (FSA requesting office) |
|---|---|
| 58-008-7775 | WISCONSIN STATE FSA OFFICE 58-300 |

3. This is to certify that:

A. Name(s)

KOEHLER DAIRY FARMS                    and                                        of

B. Address

is (are) indebted to the United States of America as reflected by the following statement of account:

| 4. Transactions Have Been Recorded Through | | 5. Interest has been accrued through (Show date) | 6. Type of Statement (Check Appropriate Box) | |
|---|---|---|---|---|
| A. Charges (Show date) | B. Credits (Show date) | 12/13/2019 | ☑ | A. Status by Loan Type |
| 10/30/2008 | 09/10/2018 | | | B. Advances in Detail |
| | | | | C. Detail Status of Individual Accounts |

| 7. DATE | 8. LOAN CODE | | | | 9. LOAN ADVANCES AND OTHER CHARGES | 10. PAYMENTS AND CREDITS | | 11. UNPAID BALANCES | | 12. DAILY INTEREST ACCRUAL |
|---|---|---|---|---|---|---|---|---|---|---|
| | A. KIND | B. FUND | C. INTEREST RATE | D. LOAN NO. | | A. INTEREST | B. PRINCIPAL | A. INTEREST | B. PRINCIPAL | |
| | | | | | | NOTE | ACCOUNT | | | |
| 06/11/07 | 00 | 41 | 05.3750 | 07 | 200,000.00 | | | | | |
| TOTAL | 00 | 41 | 05.37500 | 07 | 200,000.00 | 65,855.58 | 16,711.44 | 58,988.77 | 183,288.56 | 26.9911 |
| | | | | | | NOTE | ACCOUNT | | | |
| 10/30/08 | 00 | 41 | 05.1250 | 11 | 107,000.00 | | | | | |
| TOTAL | 00 | 41 | 05.1250 | 11 | 107,000.00 | 47,096.01 | 8,317.68 | 10,683.04 | 98,682.32 | 13.8561 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| **13. TOTALS:** | | | | | 307,000.00 | 112,951.59 | 25,029.12 | 69,671.81 | 281,970.88 | 40.8472 |

| 14. Name of Authorized Official | 15. Signature of Authorized Official |
|---|---|
| LAWRENCE MULLEN | *Lawrence Mullen* |

| 16. Title of Authorized Official | 17. Date of Certification |
|---|---|
| ACCOUNTING TECHNICIAN | 12/19/2019 |

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

**Exhibit D**

**FSA-2561**
(11-04-08)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

# STATEMENT OF ACCOUNT

Check here ☑ if FSA-2561A (Continuation) is attached.

| 1. Full Case Number | 2. To (FSA requesting office) |
|---|---|
| 58-008-7775 | WISCONSIN STATE FSA OFFICE 58-300 |

3. This is to certify that:

A. Name(s)

KOEHLER DAIRY FARMS      and      of

B. Address

is (are) indebted to the United States of America as reflected by the following statement of account:

| 4. Transactions Have Been Recorded Through | | 5. Interest has been accrued through (Show date) | 6. Type of Statement (Check Appropriate Box) |
|---|---|---|---|
| A. Charges (Show date) | B. Credits (Show date) | 12/13/2019 | ✓ A. Status by Loan Type |
| 05/12/2010 | 09/30/2019 | | ☐ B. Advances in Detail |
| | | | ☐ C. Detail Status of Individual Accounts |

| 7. DATE | 8. LOAN CODE | | | | 9. LOAN ADVANCES AND OTHER CHARGES | 10. PAYMENTS AND CREDITS | | 11. UNPAID BALANCES | | 12. DAILY INTEREST ACCRUAL |
|---|---|---|---|---|---|---|---|---|---|---|
| | A. KIND | B. FUND | C. INTEREST RATE | D. LOAN NO. | | A. INTEREST | B. PRINCIPAL | A. INTEREST | B. PRINCIPAL | |
| | | | | | | NOTE | ACCOUNT | | | |
| 10/30/08 | 01 | 44 | 03.7500 | 12 | 300,000.00 | | | | | |
| TOTAL | 01 | 44 | 03.7500 | 12 | 300,000.00 | 72,456.05 | 106,457.66 | 20,818.32 | 193,542.34 | 19.8845 |
| | | | | | | NOTE | ACCOUNT | | | |
| 05/12/10 | 62 | 43 | 03.7500 | 13 | 48,330.00 | | | | | |
| TOTAL | 62 | 43 | 03.7500 | 13 | 48,330.00 | 10,648.93 | 16,086.03 | 3,051.02 | 32,243.97 | 3.3127 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| **13. TOTALS:** | | | | | 348,330.00 | 83,104.98 | 122,543.69 | 23,869.34 | 225,786.31 | 23.1972 |

| 14. Name of Authorized Official | 15. Signature of Authorized Official |
|---|---|
| LAWRENCE MULLEN | *Lawrence Mullen* |

| 16. Title of Authorized Official | 17. Date of Certification |
|---|---|
| ACCOUNTING TECHNICIAN | 12/19/2019 |

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Place an "X" in the appropriate box: ☐ Green Bay Division ☐ Milwaukee Division

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.**      **(a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**      **Jurisdiction**.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.**      **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**      **Nature of Suit**.  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**      **Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**      **Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.      Example:      U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**      **Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**      **Related Cases**.  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.